IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEGGY TENCZA,

              Plaintiff,

vs.                                                        CIVIL NO.  09-430 JH/LFG

S.R. KOEHNKE et al.,

              Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER came before the Court on a Fed. R. Civ. P. 16 scheduling conference conducted on June 17, 2009, and on Defendants' Motion for Stay of Discovery and Request for Entry of a Protective Order [Doc. 14].[1]

### Stay of Discovery

Prior to the conference, Defendants filed a motion for summary judgment based on qualified immunity.  Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery.  Saucier v. Katz, 533 U.S. 194, 200-202, 121 S. Ct. 2151, 2156 (2001), *overruled on other grounds*, Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808 (2009); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 335-36 (10th Cir. 1992).

The affirmative defense of qualified immunity not only gives governmental officials who perform discretionary functions immunity from liability, but also protects them from the burdens of trial, including discovery.  Indeed, the United States Supreme Court recently commented in

---

[1] Defendants indicated that the motion was opposed.  However, on June 18, 2009, attorney Natalie Bruce advised the Court that Plaintiff does not oppose the motion.

Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009) on the importance of staying discovery when qualified immunity is raised.

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236, 111 S. Ct. 1789 (1991)(Kennedy, J. concurring in judgment). There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of Government.

Iqbal, 129 S.Ct. at 1953.

In this case, individual officers who may be entitled to assert qualified immunity have done so. There are, however, municipal claims pending. This raises the problem of whether all discovery should be stayed or only the discovery relating to those Defendants who are entitled to assert the defense. That issue was also decided by the Supreme Court in Iqbal:

> It is no answer to these concerns to say that discovery for petitioners [individuals entitled to a qualified immunity defense] can be deferred while pretrial proceedings continue for other defendants [those not entitled to assert qualified immunity]. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Iqbal, 129 S.Ct. at 1953.

To permit discovery to proceed on municipal claims, of necessity, requires that individual officers, who may be entitled to be free from the burdens of discovery, would be forced to

participate in discovery and have their attorneys actively involved in the process. This would, of course, rob those Defendants of the very benefit of a qualified immunity defense.

Accordingly, all discovery is stayed pending the Court's consideration and disposition of Defendants' motion for summary judgment based on qualified immunity.

### If Discovery is Needed to Respond to Motion

To ensure that Plaintiff has an adequate opportunity to respond to the motion to dismiss or for summary judgment, Plaintiff should file a Fed. R. Civ. P. 56(f) affidavit, should she believe that some discovery on the issue of qualified immunity is necessary. However, it is insufficient for Plaintiff to simply argue that the motion is premature, that discovery is incomplete, or that additional discovery must be undertaken. Rather, Plaintiff must specifically show what discovery is necessary, what the proposed discovery is likely to disclose, and how the discovered evidence will assist Plaintiff in overcoming Defendants' *prima facie* showing of entitlement to qualified immunity. *See* Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); Burke v. Utah Transit Authority & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006) (Rule 56(f) affidavit must state with specificity how additional discovery will rebut summary judgment motion) *cert. denied*, 550 U.S. 933 (2007).

Any 56(f) affidavit should be presented to the undersigned magistrate. The filing of the 56(f) affidavit will serve to stay the response time to the underlying motion. Upon review of the 56(f) affidavit, the magistrate determines if Plaintiff made a sufficient case for discovery. If so, the Court will issue an order consistent with the narrowly tailored requirements of Maxey by Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989), and will outline what discovery may be taken, the nature and

extent of the discovery, and the time limit for completing discovery.  The Court will also provide Plaintiff with a new response date to the underlying motion.

Alternatively, if the magistrate concludes that Plaintiff failed to make a sufficient case for discovery, the request for additional discovery on qualified immunity will be denied.  In that event, Plaintiff will still be given a new response date to the underlying motion.   All other discovery will be stayed pending the Court's consideration and disposition of the motion on qualified immunity.

Should the motion for summary judgment be denied, the Court will assign this case to a "standard" case management track with a 150-day discovery schedule.  <u>Each</u> <u>party</u> will be entitled to 25  interrogatories, 25 requests for production and 25 requests for admission.  <u>Each</u> <u>side</u> may take ten depositions.  The parties agreed to a four-hour limitation for fact witnesses and one deposition day for parties and expert witnesses.

## **Summary**

Pursuant to Plaintiff's withdrawal of opposition to Defendants' motion, and based on the Court's analysis, the Court grants the motion, staying all discovery and grants the request for a protective order.

IT IS SO ORDERED.

_____
*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge